# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

TODD GARY JOHNSON,

      Plaintiff,

v.                                 Case No: 8:21-cv-1853-WFJ-CPT

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff Todd Gary Johnson's Complaint, Dkt. 1, seeking judicial review of the Commissioner of the Social Security Administration's denial of his application for Disability Insurance Benefits and Supplemental Security Income. The magistrate judge issued a report recommending the Commissioner's decision be affirmed, Dkt. 20, to which Plaintiff timely objected, Dkt. 21. Upon careful consideration, the Court adopts the report and recommendation.

A district court may accept, reject, or modify "in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). If objections are filed, as here, a *de novo* determination is required "of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Here, Plaintiff raises one objection to the report and recommendation. Plaintiff contends that the magistrate judge erred in finding that the administrative law judge ("ALJ") "properly assessed Dr. Kahn's opinion on supportability and consistency with the record." Dkt. 21 at 1−2. This is not a true objection, but a rehashing of Plaintiff's claim that the magistrate judge thoroughly addressed. *See* Dkt. 19 at 14−21; Dkt. 20 at 5−15. "[P]arties are not to be afforded a second bite at the apple when they file objections to a Report." *League v. Comm'r of Soc. Sec.*, No. 2:22-cv-650-SPC-NPM, 2022 WL 703011, at *3 (M.D. Fla. Mar. 9, 2022) (citation omitted).

In any event, the Court agrees with the magistrate judge's well-reasoned report and recommendation. As thoroughly and accurately explained by the magistrate judge, Dkt. 20 at 7−15, Plaintiff has not carried his burden of showing a lack of substantial evidence supporting the ALJ's determination that Dr. Khan's opinion was inconsistent with and not supported by the record, *see Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (citing *Barnes v. Sullivan*, 932

2

F.2d 1356, 1358 (11th Cir. 1991)). Though Plaintiff may not agree with the ALJ's credibility determinations and weighing of evidence, this Court is precluded from "deciding the facts anew, making credibility determinations, or re-weighing the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

Based on the foregoing, Plaintiff's objection, Dkt. 21, is **OVERRULED**. The magistrate judge's report and recommendation, Dkt. 20, is hereby **ADOPTED**, and the Commissioner's decision is **AFFIRMED**. The Clerk is directed to enter judgment accordingly and close the case.

**DONE AND ORDERED** at Tampa, Florida, on August 23, 2022.

/s/ William F. Jung
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record